# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2024-1609
_____

QUINTON MARTIN,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

July 3, 2024

PER CURIAM.

DISMISSED.

ROBERTS and TANENBAUM, JJ., concur; KELSEY, J., concurs with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

KELSEY, J., concurring.

We must dismiss the petition for writ of certiorari review of the lower tribunal's order rendered April 29, 2024, because the petition is untimely. Unlike other writs, certiorari must be filed within 30 days. *See* Fla. R. App. P. 9.100(c)(1). This petition was filed June 24, 2024. No rule that applies in this case authorizes a criminal defendant to move for rehearing of a non-final order, so the motion for rehearing dated May 29, 2024, did not toll the deadline. Nor is a motion for rehearing of a non-final order a tolling motion under the appellate rules. *Cf.* Fla. R. App. P. 9.020(h) (providing exclusive list of motions that, if timely and authorized, toll rendition); *see also Pro-Karting Experience, Inc. v. 34th St., LLC*, 378 So. 3d 669, 672 (Fla. 2d DCA 2024) (noting that motions for rehearing are not "authorized" as to non-final orders and therefore do not toll).

To the extent that Petitioner attempts to invoke the writ of quo warranto alternatively, assuming for the sake of argument the writ would lie on these facts, it is equally due to be dismissed as premature on the present record. *Cf. Schluck v. State*, 356 So. 3d 887 (Fla. 1st DCA 2023) (Order on Motion to Withdraw as Counsel) (explaining contexts in which withdrawal can be requested validly); *Farmer v. State*, 356 So. 3d 316 (Fla. 1st DCA 2023) (On A Motion to Withdraw as Counsel for the Appellant) (same).

---

Jessica J. Yeary, Public Defender, and Justin Karpf, Assistant Public Defender, Tallahassee, for Petitioner.

Ashley Moody, Attorney General, Tallahassee, for Respondent.